UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES KRISTOPHER TAYLOR,                )
                                        )
            Petitioner,                 )
                                        )
      v.                                )         3:22-CV-357-KAC-JEM
                                        )         3:21-CR-30-KAC-JEM
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on (1) Magistrate Judge Jill E. McCook's Report and Recommendation (the "Report") [Doc. 32]; (2) Petitioner James Kristopher Taylor's "Objections to Report and Recommendations" [Doc. 33]; and (3) Petitioner's "Motion to Amend" his Section 2255 Petition [Doc. 34]. The Report recommends dismissing the sole remaining ineffective assistance of counsel claim in Petitioner's Section 2255 Petition [Doc. 32 at 23-24]. For the following reasons, the Court overrules Petitioner's objections to the Report; adopts portions of the Report, setting aside others; and denies Petitioner's Motion to Amend.

## I.  Background[1]

On July 21, 2021, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [3:21-CR-30, Doc. 18]. On December 17, 2021, the Court sentenced Petitioner to forty-two (42) months' imprisonment, followed by three (3) years of supervised release [3:21-CR-30, Doc. 34 at 2-3]. Petitioner did not appeal his conviction or sentence.

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's civil action, 3:22-CV-357.

Petitioner timely filed a Section 2255 Petition [Doc. 1]. The Court liberally construed Petitioner's Petition as alleging various grounds for relief [Doc. 10 at 2]. The Court dismissed all but one ground: ineffective assistance of counsel "related to Petitioner's request that his counsel file an appeal" [*Id.*]. Petitioner premised this claim on his contention that he "told [his] lawyer in court that [he] wanted to appeal" but his counsel did not file an appeal and counsel "would not take [his] calls," or "return [his] phone calls" after Petitioner and his family and friends "left messages" [*See* Doc. 1 at 2, 6-7]. The Court referred a portion of the matter to Judge McCook "to conduct a hearing and file proposed findings of fact and recommendations for disposition" [Doc. 10 at 2]. The Court stated that an evidentiary hearing was only necessary "to assess whether Petitioner in fact expressed the desire for an appeal as he now asserts" [*Id.* at 8]. The Court further noted that the referral for an evidentiary hearing would "permit the Court to assess whether (1) Petitioner's family and friends asked Petitioner's counsel to file a notice of appeal, and, if so, (2) Petitioner's family and friends were properly authorized to act on Petitioner's behalf" [*Id.* at 8-9].

Judge McCook held an evidentiary hearing [*See* Doc. 25]. At the hearing, Petitioner's sentencing counsel testified that after the Court pronounced Petitioner's sentence, Petitioner told her that "he wanted an appeal" [*Id.* at 41]. However, while Petitioner was leaving the courtroom approximately twenty (20) seconds later, Petitioner stated "something to the effect of 'F it. I don't want an appeal'" [*Id.* at 41, 44; *see also* Doc 32 at 16]. Counsel understood Petitioner's statement to mean that Petitioner "was clear that he did not want the appeal" and that Petitioner "wanted [her] to do nothing and he wanted to go on and serve his time" [Doc. 25 at 42, 51]. Petitioner's other counsel—who represented him but was not present at sentencing—testified that

2

sentencing counsel told him that Petitioner "had at the conclusion of the sentencing hearing [] said don't file an appeal" [*Id.* at 64].  Petitioner's counsel did not file an appeal.

Following the evidentiary hearing and post-evidentiary briefing, [*see* Docs. 24, 28-31], Judge McCook issued the Report.  The Report recommends that the Court dismiss Petitioner's sole remaining ineffective assistance of counsel claim [Doc. 32 at 23-24].  As relevant here, the Report found that Petitioner told his sentencing counsel "that he wanted to file an appeal shortly after the conclusion of the sentencing hearing" but that "[a]bout twenty seconds later, while he was leaving the courtroom," Petitioner "exclaimed something to the effect of 'F it, I don't want an appeal'" [*Id.* at 16].  "Following this statement," Petitioner's sentencing counsel "believed that Petitioner did not want to file an appeal and therefore did not discuss with Petitioner whether he wanted to appeal" further [*Id.*].  The Report independently found that Petitioner's sentencing counsel's testimony was credible [*Id.* at 19].  Petitioner testified that following his sentencing hearing, he "tried to contact" his sentencing counsel and his other counsel "within fourteen days of his sentencing, but that both were out of the office or in court, so he left a message with their secretary" [*Id.* at 6, 16].  Both sentencing counsel and other counsel testified that they did not "recall Petitioner reaching out to them after the sentencing hearing" [*Id.* at 16].

The Report further found that Petitioner's "family members, his girlfriend at the time, and" Petitioner's former bondswoman Ms. Bingham called the Federal Defenders Services of East Tennessee ("FDSET"), which employs Petitioner's sentencing counsel and other counsel, "to ask that they return Petitioner's calls regarding filing an appeal" [*Id.*].  "Ms. Bingham called and left messages with the FDSET office indicating that Petitioner wanted to appeal his case and that he needed to speak with his attorneys" [*Id.* at 16-17].  The Report, however, found that no person legally authorized to speak for Petitioner informed his sentencing counsel, other counsel, or

3

FDSET that Petitioner wished to appeal within the fourteen-day deadline to file a notice of appeal [*See id.*]. Finally, the Report declined to adjudicate Petitioner's argument, raised in post-evidentiary-hearing briefing, that even if he did not express a desire to appeal to his sentencing counsel, counsel nevertheless had a separate constitutional duty to consult with him concerning his appeal rights [*See id.* at 21-22].

Petitioner thereafter filed the instant Objections and Motion to Amend [Docs. 33, 34]. In the Motion to Amend, Petitioner specifically requests leave to amend his Section 2255 Petition to add an ineffective assistance of counsel claim for failing to "consult with him regarding an appeal" [Doc. 34 at 1].

## II.  Analysis

Because they are related, the Court adjudicates (1) the Report, (2) Petitioner's Objections to the Report, and (3) Petitioner's Motion to Amend in this Memorandum Opinion and Order. The Court begins with the Report and Objections and concludes with the Motion to Amend.

### A.  The Court Overrules Petitioner's Objections To The Report.

Though not entirely clear, Petitioner appears to lodge two (2) principal objections to the Report: one factual and one legal [Doc. 33 at 3-4]. ***First***, Petitioner asserts a factual objection "to any interpretation" of the record "inconsistent with his continuing desire to appeal" [*Id.* at 4]. ***Second***, Petitioner asserts a legal objection to the Report's interpretation of the Court's referral order [*Id.* at 10]. The United States opposes Petitioner's objections to the Report [Doc. 35].

The Court must "modify or set aside any part of" the Report that is "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). This standard "provides considerable deference to the determinations of magistrate[]" judges. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (internal citations

4

omitted).  The Court reviews factual findings for clear error and reviews conclusions of law de novo.  *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).  A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Id.* at 219 (internal citations omitted).  "The question is not whether the finding is the best or only conclusion that" a magistrate judge could "draw[] from the evidence."  *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).  Instead, a magistrate judge's factual finding will be upheld if there is evidence in the record to support it and the construction of that evidence is reasonable.  *Id.*  In "he-said, he-said cases," "a factfinder does not clearly err in picking one he over the other so long as there is support for each account."  *See Christopher v. United States*, 831 F.3d 737, 739 (6th Cir. 2016) (quotation marks omitted).  A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (internal citations omitted).

Petitioner first objects to the Report's finding that he told sentencing counsel that he did not want to appeal.  Sentencing counsel testified that Petitioner told her that "he wanted an appeal" immediately after the Court pronounced his sentence [Doc. 25 at 41].  Counsel further testified that approximately twenty (20) seconds later after the hearing concluded Petitioner stated "something to the effect of 'F it. I don't want an appeal'" as he left the courtroom [*Id.* at 41, 44].  Sentencing counsel understood Petitioner's statement to mean that "he did not want to appeal" [*Id.* at 42].  Petitioner's sentencing counsel thus did not file an appeal [*Id.*].  The Report found Petitioner's sentencing counsel credible [*See* Doc. 32 at 19].  Petitioner disputes the "occurrence and clarity" of this second statement [Doc. 33 at 5].  Petitioner contends that his second statement "is not a statement all," but is instead "a recollection of something to the effect of a second statement" [*Id.*].  This semantic objection does not alter the

5

import of the testimony. The Report reasonably construed this testimony in finding that Petitioner told his sentencing counsel that he did not want to appeal. That finding is not clearly erroneous. *See Heights Cmty. Cong.*, 774 F.2d at 140.

Petitioner then argues that his other counsel "testified that he did not recall" Petitioner's sentencing counsel telling him of "an expletive being used as part of" Petitioner's second statement [Doc. 33 at 5]. But that testimony, too, does nothing to undermine the veracity of the Report's finding that Plaintiff told sentencing counsel that he did not want to appeal. In fact, setting aside the issue of an expletive being used, Petitioner's other counsel testified that he understood that Petitioner had told sentencing counsel not to file an appeal [Doc. 25 at 64-65 (testifying that Petitioner's sentencing counsel told him that Petitioner "had at the conclusion of the sentencing hearing [] said don't file an appeal")]. This lends credence to sentencing counsel's testimony. Even generously viewing the record in Petitioner's favor, it amounts to a he-said/she-said and the Report did not err "in picking one . . . over the other." *See Christopher*, 831 F.3d at 739. As such, nothing in the record leaves the Court with "the definite and firm conviction" that the challenged factual finding is clearly erroneous. *See Bisig*, 940 F.3d at 219. The Court therefore overrules Petitioner's factual objection.

***Second***, Petitioner objects to the scope of the Report. Petitioner asserts that the undersigned's referral order permitted Judge McCook to consider all potential claims Petitioner could lodge under *Flores-Ortega*[2] and that the Report erred in not addressing the claims Petitioner raised in briefing after the evidentiary hearing [*See* Doc. 33 at 8-10, 13]. Petitioner is incorrect. The undersigned indicated that the evidentiary hearing was "to assess whether Petitioner in fact

---

[2] 528 U.S. 470 (2000).

expressed the desire for an appeal as he now asserts" [Doc. 10 at 8 (quotation omitted)]. The Court's referral order was tied to Petitioner's stated ground for relief in his Section 2255 Petition—that he told his counsel to file a notice of appeal and counsel did not do so [*See* Doc. 1 at 2, 6-7]. Petitioner did not premise his claim on any alleged failure of his sentencing counsel to consult with him. And the Court did not order an evidentiary hearing on a ground Petitioner had not yet raised. *See Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 2(b) (requiring Petitioner to "specify" in his Petition "all the grounds for relief available" to him and "state the facts supporting each ground"). And Judge McCook's subsequent order for post-hearing briefing did not, nor could it, alter the dimensions of the undersigned's referral order. For that reason, the Report was not contrary to law in refusing to address new grounds for relief Petitioner raised in post-evidentiary-hearing briefing.[3]

The Report [Doc. 32] is not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Accordingly, the Court **OVERRULES** Petitioner's "Objections to Report and Recommendations" [Doc. 33]. And the Court (1) **ACCEPTS** and **ADOPTS** the Report [Doc. 32] in part, setting aside pp. 21-22 nn. 5-7 and the associated text.

### B. The Court Denies Petitioner's Motion to Amend His Section 2255 Petition.

Rule 12 of the *Rules Governing Section 2255 Proceedings in the United States District Courts* "specifically provides that" the Court "may apply" the "Federal Rules of Civil Procedure" to Section 2255 petitions. *See Guerrero v. United States*, 383 F.3d 409, 416 n.6 (6th Cir. 2004). As relevant here, Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading

---

[3] Petitioner also objects "[t]o the extent the Report suggests [Petitioner] did not enter a guilty plea" in his underlying criminal case [Doc. 33 at 3]. Because the record shows that Petitioner pled guilty, and the Report does not plausibly suggest otherwise, the Court overrules this objection.

only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Court may, however, deny a motion to amend if amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Supreme Court has held that an attorney has a constitutional duty to consult with a defendant about his appeal rights in the limited circumstance "where the defendant neither instructs counsel to file an appeal *nor asks that an appeal not be taken*." *See Flores-Ortega*, 528 U.S. at 478 (emphasis added). That is so because "a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* at 477 (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).

Here, Petitioner seeks to amend his Section 2255 Petition to add a claim that his sentencing counsel was constitutionally ineffective for failing to consult with him concerning an appeal.[4] But permitting amendment would be futile because Petitioner told his sentencing counsel that he did not want to file an appeal and sentencing counsel followed that instruction [Docs. 25 at 41; 32 at 16, 19 (noting that Petitioner's sentencing counsel "understood Petitioner's second statement to be a clear instruction to not file an appeal")]. Other counsel also understood that Petitioner stated that he did not want to file an appeal, so other counsel did not file an appeal either [Doc. 25 at 62 ("[M]y understanding was that [Petitioner] had stated he did not want us to

---

[4] In one paragraph of the Motion to Amend, Petitioner appears to assert that sentencing counsel had a duty to consult because she testified that "best practice would have been to go and speak to" Petitioner following his second statement [Doc. 34 at 2-3]. To the extent this assertion means to equate best practices with the constitutional minimum of effective assistance of counsel, it misunderstands the Sixth Amendment's requirements. The Sixth Amendment right to counsel does not codify "best practices or most common custom." *See Thomas v. United States*, 849 F.3d 669, 678-79 (6th Cir. 2017) (citing *Harrington v. Richter*, 562 U.S. 86, 105 (2001)).

8

file a notice of appeal")]. Petitioner told his sentencing counsel not to file an appeal, and counsel followed Petitioner's instruction. Therefore, Petitioner cannot now "complain that, by following his instructions, his counsel performed deficiently." *See Flores-Ortega*, 528 U.S. at 477. "[I]t plainly appears," therefore, that Petitioner would "not [be] entitled to relief" on this new claim. *See Rules Governing Section 2255 Proceedings in the United States District Courts Rule 4(b)*. For these reasons, the Court **DENIES** Petitioner's "Motion to Amend" [Doc. 34].[5]

### III. <u>Conclusion</u>

Based on the analysis above, the Court **DENIES** Petitioner's Section 2255 Petition [Doc. 1] and **DISMISSES** Petitioner's civil action. An appropriate judgment shall enter.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, upon the entry of a final order adverse to a petitioner, the Court must "issue or deny a certificate of appealability." The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to demonstrate that reasonable jurists would conclude that the Court's assessment of the petitioner's claim is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's analysis of Petitioner's claims. Accordingly, the Court **DENIES** a certificate of appealability.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

---

[5] Petitioner's request to amend raises various procedural questions under Federal Rule of Civil Procedure 15 [*See* Doc. 34 at 4-5]. Because the Court concludes that giving Petitioner leave to amend would be futile, the Court does not reach those other Rule 15 questions.

9